UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COSMOS GRANITE (CENTRAL) LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:18 CV 1002 CDP |
| RIVER CITY GRANITE & STONE WORKS, LLC, et al. | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, Cosmos Granite Central, brings this lawsuit against defendants, Robert Naucke and River City Granite & Stone Works ("River City Granite"), for their alleged failure to pay for granite and other materials that were purchased on credit between July 2012 and June 2015. Plaintiff claims defendants owe more than $300,000.00. Plaintiff brings this motion to compel discovery after the defendants objected to answering interrogatories and requests for production. I will grant plaintiff's motion to compel in its entirety.

Plaintiff requested that defendants answer interrogatories and produce documents related to any contested individual transactions on the general ledger, any payments defendants made to plaintiff that are not shown on the general ledger, for orders that defendant did not actually place or receive, and that

defendant identify employees that signed bills of lading when plaintiff delivered materials. [ECF #18 at 1]. Plaintiff also served interrogatories and requests for production regarding the relationship between River City Granite and 3 Rivers Solid Surface and Remodeling ("3 Rivers"), a newly formed entity that plaintiff claims is the successor to River City Granite. Plaintiff alleges that River City Granite was combined with 3 Rivers in June 2018, and that Naucke has a role with this company. *Id*. at 2. Plaintiff also claims that 3 Rivers has continued to use the same address, phone and fax numbers, and website as River City Granite. *Id*.

Defendants object to the requests for production and interrogatories, arguing that the general ledger is an unreliable business record; therefore, any information related to it would be inadmissible. [ECF #22 at 3]. Defendants also claim that the information plaintiff seeks would be overly burdensome to produce. Further, defendants state the information sought about 3 Rivers is irrelevant because 3 Rivers is an unrelated party to this litigation. *Id*. at 4.

I will grant plaintiff's motion to compel in its entirety because plaintiff seeks relevant evidence and defendants have not met their burden in demonstrating that the interrogatories and requests for production are overly burdensome. Parties may obtain relevant, nonprivileged materials in discovery that is related to any claim and information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26 (b)(1). Here, plaintiff has shown that the requests for production and

2

interrogatories are relevant to the outcome of this lawsuit, thus the information is discoverable. Defendants' objections regarding the unreliability of the general ledger raise issues of admissibility, not relevance; therefore, the objections are without merit. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane 8 Fed. Prac. & Proc. Civ. § 2008 (3d ed.) ("Questions of admissibility are best left until trial."). Moreover, defendants have failed to provide any evidence regarding that the requests for production and interrogatories are unduly burdensome. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018).

Finally, plaintiff is entitled to discovery regarding the relationship between defendants and 3 Rivers. Plaintiff has presented relevant evidence that 3 Rivers is directly related to River City Granite. [ECF #23 at 4-5]. Successor liability includes a variety of factors such as identical business operations, use of the same equipment, and common identity of officers. *Roper Elec. Co. v. Quality Castings, Inc.*, 60 S.W.3d 708, 711 (Mo. Ct. App. 2001). Defendants' argument that plaintiff is not entitled to discovery about their relationship with 3 Rivers is unavailing. *See Travelers Commercial Cas. Co. v. Sielfleisch Roofing, Inc.,* No. 4:12 CV 1550 DDN, 2013 WL 1899557, at *2 (E.D. Mo. May 7, 2013) (permitting discovery of relevant documents under a successor liability theory and finding defendants' argument that the request was overbroad without merit).

Accordingly,

**IT IS HERE BY ORDERED THAT** plaintiff's Motion to Compel Discovery [17] is granted in its entirety.

**IT IS FURTHER ORDERED** that the deadline to file motions for joinder of additional parties or amendment of pleadings shall now be **Friday, January 25, 2019**.

 

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2019.