# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COSMOS GRANITE (CENTRAL), LLC | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No. 4:18-CV-1002-CDP<br>) |
| RIVER CITY GRANITE & STONE WORKS, LLC, et al. | )<br>)<br>) |
| Defendants. | ) |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE 3 RIVERS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

**I.    INTRODUCTION**

As the Court is well aware, Plaintiff Cosmos Granite (Central), LLC ("Cosmos") is seeking to recover for unpaid invoices owed on the outstanding account of Defendant River City Granite & Stone Works, LLC ("River City").  In addition to seeking to recover from River City, Cosmos is also seeking to recover from River City's owner, Robert Naucke ("Naucke"); River City's former employees, Chanda Kelley ("Kelley") and William Anderson ("Anderson"); and River City's successor company, 3 Rivers Solid Surface & Remodeling LLC ("3 Rivers").

In their Motion to Dismiss and Memorandum in Support thereof (Doc. ## 53-54), Kelley, Anderson, and 3 Rivers (collectively, the "3 Rivers Defendants") challenge whether Cosmos has pleaded facts sufficient to support its claims against them for statutory fraudulent transfer (Count V), alter ego liability (Count VI), and successor liability (Count VII).  As explained below, Cosmos' claims against the 3 Rivers Defendants have been adequately pleaded in accordance with the Federal Rules of Civil Procedure and substantive Missouri law.

Accordingly, the 3 Rivers Defendants' Motion to Dismiss should be denied in its entirety.

2330583

II.     ARGUMENT

    A.     **Standard**.

A complaint need only contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief and giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To satisfy this standard, the complaint need only allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In determining whether a complaint meets this relatively low threshold, "the complaint should be read as a whole, not parsed piece by piece", and "the court must take the plaintiff's factual allegations as true." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

    B.     **Cosmos Has Stated A Claim Against The 3 Rivers Defendants For Statutory Fraudulent Transfer.**

Count V of Cosmos' First Amended Complaint asserts a claim against all defendants, including the 3 Rivers Defendants, for statutory fraudulent transfer in violation of Sections 428.024 and 428.029 of the Missouri Uniform Fraudulent Transfer Act.

Under the Missouri Uniform Fraudulent Transfer Act, a transfer is fraudulent as to a creditor whose claim arose before the transfer was made if: (1) the debtor made the transfer "without receiving a reasonably equivalent value in exchange for the transfer" and "the debtor became insolvent as a result of the transfer", Mo. Rev. Stat. § 428.029; or (2) "the debtor made the transfer . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor", Mo. Rev. Stat. § 428.024.1(1). "Actual intent" may be established by showing, among other things, that (i) the transfer was made to an insider, (ii) the transfer was made after the debtor had been sued or threatened with suit, (iii) the transfer was of substantially all of the debtor's assets, (iv) the debtor

2

did not receive consideration of reasonably equivalent value in exchange for the assets transferred, and (v) the debtor was insolvent or became insolvent shortly after the transfer was made. *See* Mo. Rev. Stat. § 428.024.2.

In their Motion to Dismiss, the 3 Rivers Defendants argue that when they "look at each of the paragraphs separately" (exactly what the Eighth Circuit has instructed not to do) they cannot determine "what River City assets were transferred, how the assets were transferred, when they were transferred or to whom they were transferred" or which facts "show that River City was solvent prior to the alleged transfer." (Doc. # 54, at pp. 2-3.)[1]  This argument has no merit.  When reviewed as a whole, Cosmos' First Amended Complaint pleads all of the facts that the 3 Rivers Defendants contend are necessary to state a claim for statutory fraudulent transfer under Sections 428.024 and 428.029 of the Missouri Uniform Fraudulent Transfer Act.

First, in regards to whom River City's assets were transferred, Cosmos' First Amended Complaint alleges that River City's assets were transferred to the 3 Rivers Defendants.  (First Am. Compl., Doc. # 37, ¶¶ 16, 45, 47, 54-55, 58-61.)[2]  Second, in regards to when this transfer occurred, Cosmos' First Amended Complaint alleges that River City's assets were transferred after Cosmos' claim arose, *i.e.*, "after Cosmos made demand on River City and Naucke and undertook collection efforts, including filing litigation in Missouri state court[.]" (*Id.*, ¶¶ 16, 45.)  Third, in regards to what assets were transferred, Cosmos' First Amended Complaint alleges that "all or substantially

---

[1] The 3 Rivers Defendants also argue that Cosmos' First Amended Complaint does not plead sufficient facts in support of Cosmos' allegation that the 3 Rivers Defendants conspired or agreed with Naucke to "combine" River City and 3 Rivers.  (Doc. # 54, at p. 3.)  However, this allegation is a *factual* allegation that does not need to be further supported with additional facts (although it is).  In any event, this allegation is not a required element of Cosmos' statutory fraudulent transfer claim and, therefore, the 3 Rivers Defendants' argument on this point is irrelevant.

[2] The 3 Rivers Defendants are "insiders" for purposes of the Missouri Uniform Fraudulent Transfer Act because, among other reasons, 3 Rivers is owned by Naucke's daughter, Kelley, and his longtime friend, Anderson, both of whom were River City employees.  *See* Mo. Rev. Stat. § 428.009(7); *see also Total Renal Care, Inc. v. Bharati Enters., L.P.*, No. 1:08 CV00095 LMB, 2011 WL 13248444, at *4 (E.D. Mo. Aug. 4, 2011) (explaining that courts can look beyond the statutory examples because the statute "does not indicate that the examples cited are exclusive").

all" of River City's assets, *i.e.*, the entirety of River City's business operations, were transferred. (*Id.*, ¶¶ 16, 45, 54, 59.)  Fourth, in regards to how the assets were transferred, Cosmos' First Amended Complaint alleges that the assets were transferred through a "combination" of River City and 3 Rivers, which was a sham transaction that resulted in River City doing business under the new name of 3 Rivers while it continued to feature its old owner "Bob 'The Granite Daddy'", to operate out of its old address, to use its old fax and phone numbers, to advertise on its old website, and to sell the "same affordable granite & stone countertops." (*Id.*, ¶¶ 16, 45, 54, 59-61.)  Finally, in regards to the effect that the transfer had on River City's solvency, Cosmos' First Amended Complaint properly alleges that River City did not receive anything of reasonably equivalent value in exchange for the transfer of its assets and, as a result (and as intended), became insolvent, *i.e.*, it was left without assets to pay a judgment in favor of Cosmos. (*Id.*, ¶¶ 16, 45-48).[3]

Thus, Cosmos has stated a claim against all defendants, including the 3 Rivers Defendants, for statutory fraudulent transfer in violation of Sections 428.024 and 428.029 of the Missouri Uniform Fraudulent Transfer Act.

### C. Cosmos Has Stated A Claim Against The 3 Rivers Defendants For Alter Ego Liability.

Count VI of Cosmos' First Amended Complaint asserts a claim against all defendants, including the 3 Rivers Defendants, for alter ego liability under Missouri law.

In their Motion to Dismiss, the 3 Rivers Defendants argue that Cosmos has failed to state a claim against them for alter ego liability because the First Amended Complaint "does not allege

---

[3] The 3 Rivers Defendants attempt to offer the docket sheet from the prior Missouri state court litigation to argue that River City was insolvent before its assets and business operations were transferred to the 3 Rivers Defendants.  (Doc. # 54, at p. 3.)  The docket sheet does not support that argument and, even if it somehow did, the issue of River City's solvency is a question of fact that is not ripe for determination on a motion to dismiss.  *See Citimortgage, Inc. v. Chicago Bancorp, Inc.*, No. 4:14CV01278 AGF, 2016 WL 3627284, at *7-9 (E.D. Mo. July 6, 2016).

4

that any of them [dominated] or had any ownership interest in Defendant River City" and "is strongly suggestive that it is they who were dominated" by Naucke. (Doc. # 54, at pp. 7-8.) This argument fails to recognize that the alter ego doctrine may be used to impose liability on both corporate entities and individuals who participate in the transferring of corporate assets to evade a creditor.

In Missouri, alter ego liability is typically used to pierce the corporate veil. *See Mobius Mgmt. Sys., Inc. v. W. Physician Search, L.L.C.*, 175 S.W.3d 186, 188 (Mo. Ct. App. 2005). "Piercing the corporate veil is an equitable doctrine used by the courts to look past the corporate form and impose liability upon owners of the corporation—be they individuals or other corporations—when the owners create or use the corporate form to accomplish a fraud, injustice, or some unlawful purpose." *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 375 (Mo. Ct. App. 2014). Corporate entities should be disregarded to "hold the corporate owners liable" when the following are shown:

> 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> 2) Such control must have been used by the corporation to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> 3) The control and breach of duty must proximately cause the injury or unjust loss complained of.

*66, Inc. v. Crestwood Commons Redevelopment Corp.*, 998 S.W.2d 32, 40 (Mo. banc 1999).

Cosmos' First Amended Complaint alleges that Naucke dominated and controlled River City as its sole owner. (First Am. Compl., Doc. # 37, ¶ 53.) Cosmos' First Amended Complaint also alleges that Naucke's daughter, Kelley, and his longtime friend, Anderson, acted as his mere

5

instrumentalities (*i.e.*, as his alter egos)[4] by assisting him with structuring a fraudulent transfer of River City's assets to avoid River City's contractual and common law liability to Cosmos. (*Id.*, ¶ 54.) Simply put, Cosmos' theory is that Kelley and Anderson participated in a sham transaction with Naucke, through which the three of them transferred River City's business operations and assets amongst themselves and their new company, 3 Rivers, which damaged Cosmos by leaving River City judgment proof and thereby delaying and hindering Cosmos' ability to collect on the amounts owed to it. (*Id.*, ¶ 16, 45, 48, 54-55.)

Although the 3 Rivers Defendants characterize the transfer of River City's assets as an arm's length "sale", rather than a sham transaction, the timing of the transaction (shortly after the dismissal without prejudice of the Missouri state court litigation and immediately before the filing of this action); the relationship between River City, Naucke, and the 3 Rivers Defendants (father-daughter, longtime friends, boss-former employees); and the 3 Rivers Defendants' actions since the transaction occurred (displaying testimonials regarding River City's and Naucke's work on their website, advertising on Facebook that 3 Rivers would be "featuring Bob 'The Granite Daddy'", representing that 3 Rivers is the same business as River City just with a "different name"), all suggest otherwise.[5]

In addition to challenging Cosmos' alter ego claim for characterizing the transfer of River City's assets as a sham transaction, the 3 Rivers Defendants also seem to challenge Cosmos' alter ego claim for being more sophisticated than a traditional claim where a creditor (*i.e.*, Cosmos)

---

[4] *See Blanks*, 450 S.W.3d at 377 (Mo. Ct. App. 2014) ("Terms such as 'alter ego,' 'instrumentality,' 'conduit,' 'adjunct,' and 'agent' are often deemed equivalent and interchangeable.").

[5] Although references to Naucke and River City were recently deleted from 3 Rivers' website (www.3riversremodel.com) after the 3 Rivers Defendants were joined in this action, additional evidence of the connection between River City, Naucke, and the 3 Rivers Defendants was detailed in Cosmos' prior pleadings, (*see, e.g.*, Doc. ## 18-2, 18-3, and 23 at p. 5.), and is also available at https://www.youtube.com/watch?v=soEPqwTAUso and https://www.youtube.com/watch?v=qB7pmHe5nkc.

6

attempts to pierce the veil of the original corporate debtor (*i.e.*, River City) to impose liability on its owner (*i.e.*, Naucke) or its owner's new company.  Here, not only is Cosmos seeking to impose liability on Naucke as the alter ego of River City, but Cosmos is also seeking to impose alter ego liability on each of the 3 Rivers Defendants, notwithstanding the 3 Rivers Defendants' contention that Naucke does not have an ownership interest in 3 Rivers or the fact that Kelley and Anderson are individuals.

Under Missouri law, whether alter ego liability should be imposed is "highly fact-specific and depends on the equities of the situation at hand."  *Blanks*, 450 S.W.3d at 376.  When the equities require it, an alter ego claim may be used to impose liability from one corporate entity to another (*i.e.*, from River City to 3 Rivers) even if they do not have common ownership, *see Collet v. Am. Nat. Stores, Inc.*, 708 S.W.2d 273, 285 (Mo. Ct. App. 1986), as well as from one person to another (*i.e.*, from Naucke to Kelley and Anderson).  *See United States v. Taylor*, No. CIV. 396335RHKFLN, 2001 WL 1636505, at *5 (D. Minn. Oct. 24, 2001) ("[T]he analysis of whether an individual is an 'alter ego' of another individual differs somewhat from the analysis involved when a business entity (such as a corporation) is alleged to be an individual's 'alter ego' . . . This is not to say that a human being cannot be another's alter ego; it is only to say that the proving an alter ego relationship between individuals is likely to be more difficult.").  This makes sense:  If the law were otherwise, sham transactions like the one at issue here could be used to easily defeat the alter ego doctrine's purpose of preventing people like Naucke, Kelley, and Anderson from using the corporate forms of entities like River City and 3 Rivers to defraud creditors like Cosmos.

In short, Cosmos has stated a claim against all defendants, including the 3 Rivers Defendants, for alter ego liability.

### D. **Cosmos Has Stated A Claim Against The 3 Rivers Defendants For Successor Liability**.

Count VII of Cosmos' First Amended Complaint asserts a claim against 3 Rivers for successor liability under Missouri law.

In Missouri, a successor company is liable for the debts of its predecessor (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts. *See Brockmann v. O'Neill*, 565 S.W.2d 796, 798 (Mo. App. 1978). Cosmos' First Amended Complaint alleges that 3 Rivers is liable under the *de facto* merger and mere continuation theories for successor liability. (First Am. Compl., Doc. # 37, ¶ 58.) The 3 Rivers Defendants do not contest whether Cosmos has stated a claim under the mere continuation theory (it has), but instead challenge only whether Cosmos has also stated a claim under the *de facto* merger theory.

While the 3 Rivers Defendants correctly note that the elements of a *de facto* merger are "(1) a continuation of management and personnel and general business operations; (2) a continuity of shareholders resulting from the purchasing corporation paying for the assets with shares of its own stock so the selling corporation stockholders become a constituent part of the purchasing corporation; (3) the seller corporation ceasing ordinary business operation and dissolving as soon as possible; and (4) the purchasing corporation assuming those obligations necessary to continue normal, ordinary business operations", they neglect to note that "[i]t is not necessary to find all the elements to find a *de facto* merger." *Harashe v. Flintkote Co.*, 848 S.W.2d 506, 509 (Mo. Ct. App. 1993). Here, Cosmos' First Amended Complaint sufficiently pleads the first, third, and fourth elements necessary to state a claim for successor liability under the *de facto* merger theory.

In respect to the first element, Cosmos' First Amended Complaint pleads a continuity of management, personnel, and general business operations between River City and 3 Rivers, as it alleges (i) that 3 Rivers' owners, Kelley and Anderson, are former River City employees, (First Am. Compl., Doc. # 37, ¶¶ 4, 54); (ii) that River City's owner, Naucke, is featured in 3 Rivers' business, (*id.*, ¶ 59); and (iii) that "3 Rivers continued the operation that formerly was River City", (*id.*).

In respect to the third element, Cosmos' First Amended Complaint pleads that River City ceased doing business after its assets were fraudulently transferred by alleging that 3 Rivers continued River City's business operations after the two entities were combined. (*Id.*, ¶¶ 16, 45, 59.) While Cosmos' First Amended Complaint did not expressly allege that River City was dissolved after this transaction, the 3 Rivers Defendants request that the Court take judicial notice that River City was, in fact, dissolved following its combination with 3 Rivers. (Doc. # 54, at p. 9.) Despite the 3 Rivers Defendants' argument that River City's dissolution does not satisfy the third element of Cosmos' *de facto* merger theory because it was involuntarily and occurred "more than a month" after the combination of River City and 3 Rivers, (*id.*), they do not cite any Missouri authority (and Cosmos is not aware of any) establishing that dissolution must be voluntary and occur within a precise timeframe in order to have happened "as soon as possible."

Finally, in respect to the fourth element, Cosmos' First Amended Petition pleads that 3 Rivers assumed the obligations necessary to continue River City's normal business operations by alleging that 3 Rivers continues to use River City's old fax and phone numbers and occupy its old physical location in Madison, Illinois. (First Am. Compl., Doc. # 37, ¶ 59.) While the 3 Rivers Defendants try to characterize these facts as evidencing the assets that 3 Rivers acquired from River City, these facts, when construed in the light most favorable to Cosmos, are plausibly read

9

as evidencing 3 Rivers' assumption of the obligations (*i.e.*, the lease for the physical location, the contracts associated with the phone and fax numbers, etc.) necessary to continue River City's business operations.

In sum, Cosmos has stated a claim against 3 Rivers for successor liability under both the mere continuation and *de facto* merger theories.

## III. CONCLUSION

For all of the foregoing reasons, Cosmos respectfully requests that the 3 Rivers Defendants' Motion to Dismiss be denied in its entirety.[6]

Dated: May 31, 2019                     Respectfully submitted,

                                        **LEWIS RICE LLC**

                                 By:    /s/ Justin M. Ladendorf
                                        Joseph J. Trad, #32540MO
                                        jtrad@lewisrice.com
                                        Justin M. Ladendorf, #68558MO
                                        jladendorf@lewisrice.com
                                        600 Washington Avenue, Suite 2500
                                        St. Louis, MO  63101
                                        (314) 444-7691
                                        (314) 612-7691 (fax)

                                        ***Attorneys for Cosmos Granite (Central) LLC***

---

[6] To the extent that the Court finds any of the 3 Rivers Defendants' arguments to have merit, Cosmos should be granted leave to file a second amended complaint.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on this 31st day of May, 2019, on all attorneys of record via this Court's electronic filing system and on Defendants River City Granite & Stone Works, LLC and Robert Naucke via regular mail sent to the address 5815 Kingwood Drive, St. Louis, Missouri 63123.

/s/ Justin M. Ladendorf