UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COSMOS GRANITE (CENTRAL), LLC**,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:18-CV-1002-CDP ) ) |
| RIVER CITY GRANITE & STONE WORKS, LLC, *et al.,* | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS 3 RIVERS SOLID SURFACE & REMODELING LLC, CHANDA KELLEY AND WILLIAM ANDERSON'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

COME NOW Defendants 3 Rivers Solid Surface & Remodeling LLC (hereafter "3 Rivers"), Chanda Kelley (hereafter "Kelley") and William Anderson (hereafter "Anderson") (collectively "3 Rivers Defendants"), by and through their counsel, Jane Cohen of the Law Offices of Jane Cohen LLC, and Luke A. Baumstark of The Baumstark Firm, LLC, and for their Reply in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2),  9(b) and 12(b)(6), state:

**Plaintiff's Argument in Support of its
Claim of Fraudulent Transfer Against Defendants in Count V
Is  Vague and  Lacks the Required Particularity**

Plaintiff's arguments in its Memorandum of Law in Opposition to   Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Opposition") are as vague and uncertain as Count V of Plaintiff's First Amended Complaint.  In answering Defendant's query as to whom Plaintiff claims the assets were transferred, Plaintiff cites to nine (9) paragraphs of its First Amended Complaint ("Complaint").  Of these, six (6) of the nine (9) are found in later counts and were not incorporated into Count V.  ¶¶54-55, 58-61.

The remaining three (3) paragraphs in Count V are merely robust conclusions. Plaintiff speculates that the assets were transferred to "Defendant 3 Rivers **and/or** Kelley **and/or** Anderson" leaving (*See* First Amended Complaint, ¶ 16 (emphasis added)). Plaintiff next "clarifies" that the assets were transferred *sometime* "after Cosmos made demand on River City and Naucke and undertook collection efforts, including filing litigation in Missouri State Court." Cosmos filed suit against River City and Naucke in State Court in January 2016. Alleging only that a transfer occurred sometime over the span of approximately 39 months falls short of the particularity requirement under Rule 9(b). **See *Tatum v. Oberg***, 650 F. Supp. 2d 185 (D. Conn. 2009)(holding that an "allegation that fraudulent statements made over span of approximately 41 months was clearly insufficient to meet pleading with particularity requirement.").

### Plaintiff's Opposition Provides no Support for its Claim of "Alter Ego Liability" in Count VI

In its Opposition, Plaintiff argues in favor of its Claim of "Alter Ego Liability" without showing where it alleged "total domination" by anyone other than Defendant Robert Naucke. Such domination is usually the owners dominating the entity and using it as a personal asset. One entity must exert total domination over another entity in order to meet the rare exception to pierce a corporate veil of two separate entities as occurred between a parent and its subsidiary in the *Collet* case cited by Plaintiff. *Collet v. American Nat. Stores, Inc.*, 708 S.W.2d 273 (Mo. App., 1986). This has not been alleged by Plaintiff in its First Amended Complaint. Again, Plaintiff acknowledged in its First Amended Complaint River City and 3 Rivers have separate ownership. The fact that there is a blood relationship between the owners of the separate entities is irrelevant.

" A tripartite test has been developed for analysis of the question. To "pierce the corporate veil," one must show:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of. *Id.* at 283.

Plaintiff attempts to sidestep this insufficiency by arguing that Defendants fail to recognize the "sophistication" of the argument in its pleading.   The problem is simple not sophisticated. Plaintiff has failed to state a claim for Alter Ego Liability against the 3 Rivers Defendants and Count VI should be dismissed.

## Plaintiff's Opposition Fails to Support Count VII

Plaintiff's Opposition also fails to support the sufficiency of Count VII.  Plaintiff acknowledges that it has failed to sufficiently allege *de facto* merger. namely, that Defendant River City was dissolved, much less that it did so "as soon as possible."

Plaintiff's claim that 3 Rivers was a mere continuation of River City must also fail. Missouri Courts construe the term "continuation of the corporation" literally, meaning that there must be a "continuation of the corporate organization, management, and operations, rather than merely the continuation of the enterprise or the product line." ***Chem. Design, Inc. v. Am.***

3

*Standard, Inc.*, 847 S.W.2d 488, 493 (Mo. App. E.D. 1993).  The *style* of this case itself shows Plaintiff's acknowledgement that the corporate organization of Defendant River City has not continued, otherwise there would not be two separate companies named.  Additionally, Plaintiff's First Amended Complaint obviates Plaintiff's claim of "mere continuation" in Count VII because Plaintiff acknowledges in the "Parties, Jurisdiction, and Venue" portion of the First Amended Complaint that the corporations and their owners are distinct.  See ¶¶ 3, 4.

Among the considerations reviewed in analyzing whether there has been a "mere continuation" of a business, the most important to Missouri courts is "common identity of officers, directors, and stockholders."  *Gorsuch v. Formtek Metal Forming, Inc.*, 803 F. Supp. 2d 1016, 1022 (Mo. App. E.D. Mo. 2011).  Plaintiffs have claimed that Defendants River City and 3 Rivers have different owners, expressly contradicting the possibility of a "mere continuation" as construed by Missouri Courts. "Courts need not accept as true 'factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice.'" *Williams v. First Nat. Bank of St. Louis*, No. 4:14CV01458 ERW, 2014 WL 5800199, at *4 (E.D. Mo. Nov. 7, 2014) (internal citations omitted).

## Conclusion

Counts V, VI, and VII of Plaintiff's First Amended Complaint fail as a matter of law.  Defendants respectfully request dismissal of these counts with prejudice at Plaintiff's costs.

Respectfully submitted,

*/s/ Jane Cohen*                                                              */s/ Luke A. Baumstark*
Jane Cohen #2844                                                       Luke A. Baumstark  #56344
THE LAW OFFICES OF JANE COHEN LLC    THE BAUMSTARK FIRM, LLC
2001 s. Big Bend Blvd.                                                  815 Geyer Avenue
St. Louis, MO  63117                                                    St. Louis, MO  63104

4

| | |
|---|---|
| (314) 881-6145 | (314) 492-6290 |
| (314) 644-4303 FAX | (314) 492-6348 FAX |
| jane@janecohen.com | luke@baumstarkfirm.com |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 7th day of June, 2019, this document was filed with the court via the CM/ECF system which will send notice to all parties of record.

*/s/ jane cohen*