**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| COSMOS GRANITE (CENTRAL), LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Cause No. 4:18-CV-1002-CDP |
| RIVER CITY GRANITE & STONE WORKS, LLC, et al. | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S SUR-RESPONSE IN OPPOSITION TO THE**
**3 RIVERS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**ARGUMENT**

In their untimely Reply in Support of their Motion to Dismiss, the 3 Rivers Defendants argue, for the first time, that Cosmos' "claim that 3 Rivers was a mere continuation of River City must fail" because 3 Rivers and River City are "two separate companies" with "different owners." (Doc. # 57, at pp. 3-4.)  This argument has no merit.

Under Missouri law, a successor liability claim based on the mere continuation theory does not require that the predecessor and successor companies have common ownership.  Rather, "Missouri case law strongly leans toward the view that a lack of identity of officers, directors, and shareholders *does not preclude* a finding of corporate continuation, but that such identity is merely one factor in making this determination." *Roper Elec. Co. v. Quality Castings, Inc.*, 60 S.W.3d 708, 711 (Mo. Ct. App. 2001) (italics in original) (affirming trial court's imposition of successor liability in case where predecessor and successor companies were both named as defendants).

As the Eighth Circuit has explained, whether a new company is a mere continuation of its predecessor depends on "several factors, *none of which is determinative*:  (1) [w]hether there is

2330583

common identity of officers, directors and stockholders; (2) whether the incorporators of the successor also incorporated the predecessor; (3) whether the business operations are identical; (4) whether the transferee uses the same trucks, equipment, labor force, supervisors and name of the transferor[;] and (5) whether notice has been given of the transfer to employees or customers." *See Med. Shoppe Int'l, Inc. v. S.B.S. Pill Dr., Inc.*, 336 F.3d 801, 804 (8th Cir. 2003) (alterations in original; italics added).

Here, regardless of whether 3 Rivers and River City share common ownership, Count VII of Cosmos' First Amended Complaint states a claim for successor liability under the mere continuation theory by alleging that:  (i) all, or substantially all, of River City's assets were transferred to 3 Rivers; (ii) 3 Rivers was formed by Naucke's daughter, Kelley, and his longtime friend, Anderson, both of whom are former River City employees; (iii) 3 Rivers continues to feature Naucke; (iv) 3 Rivers continues to operate out of River City's old physical location with the same phone and fax numbers and at least some of the same employees (*i.e.*, Kelley, Anderson, and Naucke); (v) 3 Rivers continued to use River City's old website until the Court entered an Order compelling River City to produce discovery regarding its relationship with 3 Rivers; and (vi) 3 Rivers continued River City's business operations and brands itself as "formerly River City Granite" with a "different name" but the "same affordable granite & stone countertops."  (Doc. # 37, ¶¶ 3-4, 45, 54, 56-61.).  See *S.B.S. Pill Dr., Inc.*, 336 F.3d at 804-05 (affirming district court's determination that creditor was likely to succeed on the merits of its mere continuation claim in case where father incorporated the original company and daughter incorporated successor company, which began its operations in the same location, with the same phone number, employees, and pharmacist-manager, and invited former company's customers to transfer their prescriptions using a form indicating that only its name had changed).

2

## CONCLUSION

For these reasons, as well as those set forth in Cosmos' Opposition (Doc. # 55), the 3 Rivers Defendants' Motion to Dismiss should be denied.

Dated: June 8, 2019					Respectfully submitted,

					**LEWIS RICE LLC**

					By:	/s/ Justin M. Ladendorf
						Joseph J. Trad, #32540MO
						jtrad@lewisrice.com
						Justin M. Ladendorf, #68558MO
						jladendorf@lewisrice.com
						600 Washington Avenue, Suite 2500
						St. Louis, MO  63101
						(314) 444-7691
						(314) 612-7691 (fax)

					***Attorneys for Cosmos Granite (Central) LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on this 8th day of June, 2019, on all attorneys of record via this Court's electronic filing system and that the same will be served on the 10th day of June, 2019, on Defendants River City Granite & Stone Works, LLC and Robert Naucke via regular mail sent to the address 5815 Kingwood Drive, St. Louis, Missouri 63123.

					/s/ Justin M. Ladendorf